UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADONIS H. BENNETT, | CASE NO. C24-1777JLR |
| Plaintiff, | ORDER |
| v. | |
| UNIVERSITY OF WASHINGTON, et al., | |
| Defendants. | |

Before the court is a motion for leave to file response out of time filed by *pro se* Plaintiff Adonis Bennett.  (Mot. (Dkt. # 31).)  Mr. Bennett moves pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) to untimely file a response to Defendants' second motion for summary judgment allegedly due to excusable neglect.  (Mot. at 1-2; *see also* MSJ (Dkt. # 27); Fed. R. Civ. P. 6(b)(1)(B).  Having considered Mr. Bennett's motion, the record, and the applicable law, the court DENIES the motion.

ORDER - 1

Rule 6(b) allows the court to extend the time for filing, upon good cause and motion of the party, "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Although excusable neglect "covers cases of negligence, carelessness and inadvertent mistake[,]" *Bateman v. U.S. Postal Serv.*, 231 F. 3d 1220, 1224 (9th Cir. 2000) (citation omitted), courts take into consideration "all relevant circumstances surrounding the party's omission" which includes, "the danger of prejudice to the defendants, the length of the delay and it potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (cleaned up and citation omitted). The concept of excusable neglect under Rule 6(b) is considered somewhat "elastic[,]" however, at minimum it requires that the party's neglect be excusable. *Id*. at 381, 392, 395.

Similarly, this District's Local Civil Rules provide that a motion for relief from a deadline "should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j) (providing that parties "must comply with the existing deadline unless the court orders otherwise" and setting forth the appropriate procedure for a "true, unforeseen emergency that prevents a party from meeting a deadline"). The Federal Rules of Civil Procedure and this District's Local Civil Rules apply equally to all litigants. *See, e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (providing that *pro se* litigants are required to "follow the same rules of procedure that govern other

ORDER - 2

litigants"); *see also Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that *pro se* litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.") (citation omitted and emphasis added).

Mr. Bennett contends that he "misunderstood the deadline calculation" due to (1) Defendants sending him a copy of the motion for summary judgment by email and mail, (2) confusion regarding Local Civil Rule timing, and (3) a good faith misunderstanding of response computation. (Mot. at 3.) Mr. Bennett further contends that "[u]pon realizing the oversight, [he] promptly prepared and filed his [r]esponse and [motion]." (*Id.*; *see also id.* at 4 (petitioning the court to accept his response as "timely filed").) The court, however, has not received a copy of Mr. Bennett's response. (*See generally* Dkt.) In light of the Ninth Circuit's "equitable test" set forth in *Pioneer Inv. Servs. Co.*, the court concludes that Mr. Bennett simply miscalculating the deadline to file a response does not constitute excusable neglect. Furthermore, by erroneously stating in his motion that he already filed his response with the court, Mr. Bennett is responsible for additional delays and waste of the court's time.

Consequently, the court DENIES Mr. Bennett's motion for leave to file response out of time (Dkt. # 31).

Dated this 4th day of March, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 3