UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ADONIS H. BENNETT, | CASE NO. C24-1777JLR |
| --- | --- |
| Plaintiff, | ORDER |
| v. | |
| UNIVERSITY OF WASHINGTON, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is Defendant University of Washington's ("UW") motion for summary judgment.  (MSJ (Dkt. # 27); Reply (Dkt. # 29).)  Plaintiff Adonis H. Bennett, who is proceeding *pro se*, did not respond to the motion.  (*See generally* Dkt.)  The court has considered the parties' submissions, the relevant portions of the record, and the

ORDER - 1

governing law.  Being fully advised,[1] the court GRANTS UW's motion for summary judgment.

## II.    BACKGROUND[2]

On December 3, 2025, the court granted in part and denied in part a motion for summary judgment filed by Defendants UW President Ana Mari Cauce, Dennis Garberg, John Anderson, and UW.  (*See generally* 12/3/25 Order.)  The court dismissed with prejudice Mr. Bennett's (1) claims under 42 U.S.C. §§ 1983, 1985(3), and 1986; (2) Title VII claim for failure to prevent a conspiracy to create a hostile work environment; and (3) intentional and negligent infliction of emotional distress claims.  (*Id*. at 13.)  The court, however, denied the motion for summary judgment as to Mr. Bennett's Title VII hostile work environment claim against UW.  (*Id*.)  On February 2, 2026, UW moved for summary judgment on the sole remaining Title VII claim pursuant to Federal Rule of Civil Procedure 56(a).  (MSJ at 7.)  Mr. Bennett did not timely respond to UW's motion for summary judgment.  (*See generally* Dkt.; *see also* 3/4/26 Order (Dkt. # 32) (denying Mr. Bennett's motion for leave to file an untimely response).)  The court considers the motion ripe for its consideration.

## III.    ANALYSIS

Summary judgment is appropriate if the evidence viewed in the light most favorable to the nonmoving party shows "that there is no genuine dispute as to any

---

[1] Neither party requests oral argument, and the court finds that oral argument would not be of assistance in resolving UW's motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court set forth the background of this matter in its prior order and assumes the reader's familiarity with the prior order and the record.  (*See* 12/3/25 Order (Dkt. # 20) at 2-3.)

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

To carry its burden, UW "must either produce evidence negating an essential element of [Mr. Bennett's] claim or defense or show that [Mr. Bennett] does not have enough evidence of an essential element to carry [his] ultimate burden of persuasion at trial." *Jones v. Williams*, 791 F.3d 1023, 1030-31 (9th Cir. 2015) (quoting *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). If UW meets its burden of production, the burden then shifts to Mr. Bennett to identify specific facts from which a factfinder could reasonably find in his favor. *Celotex Corp.*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250. "This burden is not a light one." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). A "party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record[.]" Fed. R. Civ. P. 56(c)(1)(A).

The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [nonmoving] party[.]" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotations omitted). It may not weigh evidence or make credibility determinations. *Anderson*, 477 U.S. at 249-50. "Where the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott*, 550 U.S. at 380 (citation omitted).

**A.      The Court Grants UW's Motion for Summary Judgment.**

The court construed the following allegation in Mr. Bennett's complaint as raising a Title VII claim for hostile work environment against UW:

> By and through the course of conduct herein described, defendant University of Washington and it[s] agents and assigns . . . , acting under the cloak of state law created working conditions so intolerable for Plaintiff who has to seek counseling from mental health profession.   The harassment and retaliation, was based solely on Plaintiff's race, age, and gender.

(*See* 12/3/25 Order at 6-7 (citing Compl. (Dkt. # 1) ¶ 51).)  To prevail on such a claim, Mr. Bennett must show that "(1) he was subjected to a hostile work environment; and (2) [UW] was liable for the harassment that caused the hostile environment to exist." *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647 (9th Cir. 2021) (citing *Freitag v. Ayers*, 468 F.3d 528, 539 (9th Cir. 2006)).

To establish that his work environment was hostile, Mr. Bennett bears the burden of showing that (1) he was "subjected to verbal or physical conduct because of" his membership in a protected class, "(2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (internal quotation marks and citation omitted).  Because Mr. Bennett alleges that he was subjected to a hostile work environment based on his race and sex,[3]

---

[3] Title VII does not encompass discrimination or harassment on the basis of age.  *See* 42 U.S.C. § 2000e-2(a).

ORDER - 4

such harassment must be "of a racial or sexual nature[.]" *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004). "To determine whether an environment is sufficiently hostile or abusive to violate Title VII, [the court] consider[s] 'all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Fried*, 18 F.4th at 648 (citing *Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020)). Title VII liability attaches to an employer who "fail[s] to take immediate and corrective action in response to a coworker's or third party's sexual harassment or racial discrimination the employer knew or should have known about." *Id.* at 647-48 (compiling cases showing accord among all federal circuits on this point).

The court agrees with UW's assertion that Mr. Bennett has not met his burden to put forth admissible evidence that UW violated his rights under Title VII due to his race or gender. (*See generally* MSJ.) Specifically, Mr. Bennett fails to establish a *prima facie* case for a Title VII hostile work environment claim because he has not produced evidence showing that (1) anyone at UW subjected him to unwelcome verbal or physical conduct because of his membership in a protected class, or (2) such conduct was racial or sexual in nature. (*See generally* Dkt.)

First, UW identifies several instances in the record where Mr. Bennett acknowledges that no one at UW subjected him to harassment on the basis of his sex. (*See, e.g.*, AAM Decl. (Dkt. # 28), ¶ 2, Ex. A (Bennett Depo.) at 194 (so stating); *id.* at

ORDER - 5

185 (stating that, as to his application for the lead promotional opportunity, no one at UW subjected Mr. Bennett to harassment or discrimination on the basis of his gender).)

Similarly, Mr. Bennett has not put forward admissible evidence showing that anyone at UW subjected him to harassment on the basis of his race. (*See* Bennett Depo. at 183 (acknowledging that he is unable to offer specific details about the alleged race-based harassment); *id*. at 195 (stating that he cannot provide specific examples of a time when Mr. Anderson threatened him); *id*. at 197-98 (showing he is unable to provide details about his allegation that Mr. Anderson's conduct "reflected behaviors of racial discrimination in the form of barbecues").

Mr. Bennett relies on the March 2023 third-party investigative report from UW's investigation into Mr. Bennett's allegations to support his claims. (*See id*. at 203-04 (stating that the investigation provides enough information to support his claims)); *see also* Garberg Decl. (Dkt. # 16) ¶ 15, Ex. K (Weber Report) (summarizing Mr. Bennett's reports to the third-party investigator; the investigative process; and the investigator's conclusions). The report, however, buttresses UW's assertion that there is no evidentiary support for Mr. Bennett's claims. (*See* Weber Report at 9-11 (stating that the third-party investigation into Mr. Bennett's and Mr. Anderson's conduct showed that there is insufficient evidence to support Mr. Bennett's claims of retaliation and/or discrimination, largely due to a lack of witnesses).)[4]

---

[4] To the extent Mr. Bennett intended to assert a claim for a hostile work environment based on age, the court concludes that, even if such a claim were cognizable under Title VII, it nevertheless fails. Mr. Bennett testified in his deposition that no individual at UW

ORDER - 6

The court also agrees with UW that Mr. Bennett has not adduced evidence showing that the alleged harassment can be imputed to UW. (MSJ at 14-18.) Specifically, even if Mr. Bennett could demonstrate that his coworkers subjected him to a hostile work environment, he has not provided admissible evidence showing that UW is liable for either its own actions or for a failure to take immediate and corrective action in response to an employee's or third party's violative conduct that it knew or should have known about. *Fried*, 18 F.4th at 647.

On this basis, the court concludes that Mr. Bennett has not met his burden to identify specific facts from which a factfinder could reasonably conclude that UW violated his Title VII rights. *Celotex Corp.*, 477 U.S. at 324; *see Keenan v. Allan*, 91 F.3d 1275, 1278-79 (9th Cir. 1996) ("We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.") (citations omitted). Therefore, the court grants UW's motion for summary judgment on Mr. Bennett's Title VII claim.

//

//

//

//

//

---

subjected him to age-based harassment, and he has provided the court no evidence to the contrary. (*See, e.g.*, Bennett Depo. at 181 (affirming that no one at UW gave him reason to believe that there was a relationship between his age and ability to obtain his desired promotion).)

ORDER - 7

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS UW's motion for summary judgment as to Mr. Bennett's Title VII hostile work environment claim (Dkt. # 27).  This claim, and this action, are DISMISSED with prejudice.

Dated this 13th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 8