UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADONIS H. BENNETT,

                Plaintiff,

    v.

UNIVERSITY OF WASHINGTON,
et al.,

                Defendants.

CASE NO. C24-1777JLR

ORDER

Before the court is *pro se* Plaintiff Adonis H. Bennett's motion to amend judgment under Federal Rule of Civil Procedure 59(e). (MTA (Dkt. # 36).) The motion seeks reconsideration of and/or relief from the court's March 13, 2026 Order granting Defendant University of Washington's ("UW") second motion for summary judgment. (*See* 3/13/26 Order (Dkt. # 33); *see also* Judgment (Dkt. # 34).) The court exercises its discretion under Federal Rule of Civil Procedure 1 to decide the motion without awaiting UW's response. *See* Fed. R. Civ. P. 1 (instructing that the rules of procedure "should be

ORDER - 1

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The court has considered Mr. Bennett's motion, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Bennett's motion.

On February 2, 2026, UW moved for summary judgment on Mr. Bennett's Title VII hostile work environment claim. (MSJ (Dkt. # 27) at 7.) Mr. Bennett did not timely respond to UW's motion. (*See generally* Dkt.; *see also* 3/4/26 Order (Dkt. # 32) (denying Mr. Bennett's motion for leave to file an untimely response).) On March 13, 2026, the court granted summary judgment in favor of UW and entered judgment. (3/13/26 Order; Judgment.) On April 3, 2026, Mr. Bennett filed an untimely response to UW's motion for summary judgment and the instant motion to amend judgment. (MSJ Resp. (Dkt. # 35); MTA.)

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion to alter or amend a judgment under Rule 59(e) is, however, an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (internal quotation marks and citation omitted, cleaned up). This standard presents a "high hurdle" for a litigant

ORDER - 2

seeking reconsideration under Rule 59(e).  *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

Rule 56 provides that summary judgment is appropriate if the evidence viewed in the light most favorable to the nonmoving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To prevail, UW "must either produce evidence negating an essential element of [Mr. Bennett's] claim or defense or show that [Mr. Bennett] does not have enough evidence of an essential element to carry [his] ultimate burden of persuasion at trial."  *Jones v. Williams*, 791 F.3d 1023, 1030-31 (9th Cir. 2015) (quoting *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).  District courts may not grant summary judgment by default "even if there is a complete failure to respond to the motion."  *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (citation omitted).  A district court may, however, grant an unopposed motion for summary judgment provided it properly assesses "whether 'the motion and supporting materials' entitle the movant to summary judgment."  *Id.* (quoting Fed. R. Civ. P. 56(e)(3)).

Mr. Bennett contends that the court erred in its March 13, 2026 order by granting summary judgment by default and failing to hold UW to its burden of production under Rule 56.  (MTA at 2.)  The court, however, did not base its order on Mr. Bennett's mere failure to respond.  Rather, the court considered UW's motion and supporting materials and determined that summary judgment was appropriate under Rule 56(a).  (*See* 3/13/26 Order at 3-7.)  As the court explained in its order, UW produced evidence negating the

ORDER - 3

elements of Mr. Bennett's claim that UW violated his rights under Title VII due to his race or gender.  (*Id*. at 5-6.)  Specifically, UW identified several instances in the record where Mr. Bennett acknowledged that no one at UW subjected him to harassment on the basis of his sex or race.  (*Id*. at 5-6.)

Furthermore, even if the court had considered Mr. Bennett's untimely response when deciding UW's motion for summary judgment, nothing therein would persuade the court to decide that motion differently.  (*See* MSJ Resp.)  Mr. Bennett refers to "evidence supporting [his] claims" and evidence that "demonstrates ongoing workplace conduct, management, and failure to take corrective action."  (*Id*. at 3.)  He does not, however, identify where in the record the court can find this evidence.  (*See generally id*.)  Thus, Mr. Bennett has not met his burden to identify specific facts from which a factfinder could reasonably conclude that UW violated his Title VII rights.  *Celotex Corp.*, 477 U.S. at 324; *see Keenan v. Allan*, 91 F.3d 1275, 1278-79 (9th Cir. 1996) ("We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.") (citations omitted).

//

//

//

//

//

//

//

//

ORDER - 4

Consequently, the court concludes that Mr. Bennett has not shown newly discovered evidence, clear error, or an intervening change in law that would justify amendment of the court's March 13, 2026 Order and judgment.  (*See generally* MTA.) Therefore, the court DENIES Mr. Bennett's Rule 59(e) motion to amend judgment (Dkt. # 36).

Dated this 14th day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 5